Filed 12/23/20  P. v. Scott CA2/3

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300700 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA046808) |
| v. | |
| BRYAN KEITH SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Bryan Keith Scott of second degree murder in 1992, and we affirmed the conviction in 1994. In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Scott filed a petition for resentencing under Penal Code section 1170.95[1] and requested the appointment of counsel. The trial court concluded that Scott was ineligible for relief and summarily denied the petition. For the reasons set forth below, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    *Murder Conviction and Previous Appeal*

According to the prosecution evidence, in 1991, 13-year-old L.J. and 14-year-old T.J. went to a liquor store and met Scott and codefendant Martin, whom they invited to their aunt D.D.'s apartment. Eventually D.D. ordered Scott and Martin to leave. That night, D.D. was awakened by Martin, who forced her to have sexual intercourse and orally copulate him. In the meantime, Scott pointed a gun at L.J. and T.J. The men then switched places. Scott attempted to have sexual intercourse with D.D., with partial penetration. He forced her to orally copulate him, hitting her with a gun when she refused. Martin tried to force his penis into T.J.'s mouth and vagina. He then forced L.J. to orally copulate him.

The men tried to access a safe. When D.D. denied knowing the combination, Martin threatened to blow her " 'fuckin' brains

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We derive the facts from our unpublished opinion in Scott's direct appeal. (See *People v. Martin and Scott* (June 20, 1994, B071417 [nonpub. opn.].)

2

out.' " D.D. heard Scott say, " ' "Just shoot the bitch." ' " Martin shot all three victims. L.J. died from her injuries, and D.D. was paralyzed.

Scott testified on his own behalf. He claimed he did not know Martin had a gun that night, and he fled the apartment in fear after Martin began shooting. He denied telling Martin to " ' "shoot those bitches." ' "

The indictment alleged that Scott and Martin willfully, unlawfully, and with malice aforethought murdered L.J. It further alleged, as a special circumstance under section 190.2, subdivision (a)(17), that the murder was committed while appellants were engaged in robbery, burglary, and rape.[3]

The jury was instructed on the degrees of murder (CALJIC Nos. 8.70, 8.71 & 8.75), aiding and abetting (CALJIC No. 3.01), multiple theories for first degree murder (CALJIC Nos. 8.20 [deliberate and premeditated murder], 8.21 [first degree felony murder] & 8.27 [first degree felony murder—aider and abettor]), and second degree murder based on malice (CALJIC Nos. 8.11 [malice aforethought] & 8.30 [unpremeditated murder of the second degree]).

For L.J.'s death, the jury convicted Martin of first degree murder with a rape-murder special circumstance finding, and it convicted Scott of second degree murder (§ 187, subd. (a)). Scott was also found guilty of two counts of attempted voluntary manslaughter (§§ 192, subd. (a), 664) and two counts of forcible rape while acting in concert (§ 264.1), with true findings on

---

[3] On our own motion, we take judicial notice of the entire record of Scott's direct appeal, including the indictment, jury instructions, verdict forms, and reporter's transcript of proceedings. (See Evid. Code, § 452, subd. (d).)

3

firearm and great bodily injury allegations (§§ 12022.5, 12022.7). He was sentenced to prison for 26 years, plus a consecutive term of 15 years to life.

In a 1994 unpublished opinion, we affirmed the judgment.[4] (See *People v. Martin and Scott, supra*, B071417.)

### B. Section 1170.95 Petition for Resentencing

In January 2019, Scott filed a petition for resentencing under section 1170.95. He declared that: (1) a complaint had been filed against him under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder pursuant to one of those theories; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. Scott requested appointment of counsel.

The People filed a response in July 2019 challenging the constitutionality of section 1170.95[5] and arguing, in the alternative, that Scott was not entitled to relief because the jury

---

[4]     In our prior opinion, we explained that the jury convicted Scott of second degree murder with a special circumstance finding that the murder occurred during the commission of a rape. However, as was true at the time of trial, a rape-murder special circumstance applies only to first degree murder. (§ 190.2, subd. (a)(17).) Confronted with an "inconsistent verdict," the trial court declined to re-instruct the jury on first degree felony murder, as the prosecutor requested, and upheld the second degree murder conviction. The special circumstance finding does not appear in the abstract of judgment, and the trial court did not rely on it in sentencing Scott.

[5]     Because the constitutionality of section 1170.95 is not at issue on this appeal, we do not further address it.

4

determined he acted with malice aforethought (§ 188, subd. (a)); (2) he was a direct aider and abettor who harbored an intent to kill (§ 188, subds. (a)(1), (3)); or (3) he was a "major participant" in the underlying rape who acted with "reckless indifference to human life" (§ 189, subd (e)).

The People's response attached the unpublished opinion in Scott's direct appeal, issued by this court in 1994, and the jury instructions at trial. (See *People v. Martin and Scott, supra,* B071417.)

### C.    *Memorandum of Decision*

In July 2019, the trial court summarily denied the petition "[a]fter reviewing the petition for recall and sentencing, the People's response, the court file and the appellate decision," on the basis that Scott was not eligible for relief as a matter of law. Scott was not present and the court did not appoint counsel for him.

In its minute order, the court concluded that "[Scott] is not the actual killer, but aided the killing" and "was a major participant in the crime and acted with reckless indifference." The court noted that: Scott held L.J. and T.J. at gunpoint while Martin raped D.D.; Scott tried to rape D.D. himself, hitting her in the forehead with his gun; and the victims saw Scott hand the gun to Martin and heard him say " '[j]ust shoot the bitch' " shortly before he fired the shots.

Scott appealed the ruling.

### DISCUSSION

Scott contends the trial court erred by engaging in judicial factfinding and summarily denying his section 1170.95 petition without appointment of counsel or a hearing. We conclude the

trial court committed harmless error and correctly determined that Scott is ineligible for relief as a matter of law.

### A. Scott Failed to Make a Prima Facie Showing of Eligibility for Section 1170.95 Relief.

#### 1. Senate Bill 1437

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine,[6] as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) "Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underlying felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2,

---

[6] The natural and probable consequences doctrine provides that " '[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime. . . .' [Citation.]" (*People v. Medina* (2009) 46 Cal.4th 913, 920.)

6

3.)"[7]  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410 (*Cornelius*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

Senate Bill 1437 also added section 1170.95, which permits persons convicted of murder under a felony murder or natural and probable consequences theory to petition in the sentencing court for vacation of their conviction and resentencing.  Section 1170.95 provides in pertinent part:  "A person convicted of felony murder or murder under a natural and probable consequences theory" may file a petition "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

If any required information is missing and cannot "readily [be] ascertained by the court, the court may deny the petition without prejudice to the filing of another petition."  (§ 1170.95, subd. (b)(2).)  Subdivision (c) of the statute lists the next steps in the petition process:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that

---

[7]      Section 189, subdivision (e), does not apply if the victim is a peace officer under specified circumstances.  (§ 189, subd. (f).)

the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.[8] The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) Thus, section 1170.95 provides for two separate prima facie reviews, the first focused on eligibility for relief and the second on entitlement to relief. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975–976 (*Drayton*); *Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–330, rev. gr.)

During the "prebriefing 'first prima facie review,' . . . [t]he court must determine, based upon its review of readily

---

[8] The issue of when a petitioner is entitled to have counsel appointed is currently under review by our Supreme Court. (See *Verdugo*, *supra*, 44 Cal.App.5th 320, rev. gr.; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598 (*Lewis*); *Cornelius, supra,* 44 Cal.App.5th 54, rev. gr.; *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted Aug. 12, 2020, S263219 (*Tarkington*).) Pending further guidance from our Supreme Court, we agree with *Verdugo*, *Cornelius*, *Lewis*, and *Tarkington* that counsel need not be appointed until after a trial court concludes that the petitioner has made a prima facie showing that he or she falls within the provisions of the statute. (See *Verdugo*, at pp. 332–333; *Lewis*, at p. 1140; *Cornelius*, at p. 58; *Tarkington*, at pp. 900–902.)

ascertainable information in the record of conviction[9] and the court file, whether the petitioner is statutorily eligible for relief as a matter of law, i.e., whether he was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under the natural and probable consequences doctrine or a felony murder theory. [*Verdugo, supra*, 44 Cal.App.5th at pp. 328–330, rev. gr.]" (*Tarkington, supra*, 49 Cal.App.5th at pp. 897–898, rev. gr.)  The court may review the information or indictment, jury instructions, verdict forms, abstract of judgment, a prior appellate opinion, and any "other information" in the record of conviction that establishes the petitioner is ineligible for relief as a matter of law because he was convicted on a ground that remains valid notwithstanding the amendments to sections 188 and 189.  (*Verdugo,* at pp. 329–330, 333; *Tarkington,* at p. 909.)

During the postbriefing "second prima facie evaluation, the court employs the familiar standard for issuance of an order to show cause in a habeas corpus proceeding.  That is, the court must take petitioner's factual allegations as true and make a

---

**9**      Our Supreme Court is currently considering whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95.  (See *Lewis*, *supra,* 43 Cal.App.5th 1128, rev. gr.)  We agree with *Lewis* that allowing the trial court to consider its file and record of conviction is sound policy:  " 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.' "  (*Id.* at p. 1138.)

9

preliminary assessment regarding whether he or she would be entitled to relief if the factual allegations were proved." (*Tarkington*, *supra*, 49 Cal.App.5th at p. 898, rev. gr.; *Verdugo, supra*, 44 Cal.App.5th at p. 328, rev. gr.; *Drayton, supra*, 47 Cal.App.5th at p. 980 [court cannot weigh evidence or make credibility determinations, but need not credit factual assertions that are untrue as a matter of law].)

After the court issues an order to show cause, "absent a waiver and stipulation by the parties, the trial court must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) At that hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing. Both the prosecution and the petitioner may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)" (*Tarkington*, *supra*, 49 Cal.App.5th at pp. 898–899, rev. gr.)

2. **Because Scott Was Ineligible for Relief as a Matter of Law, the Trial Court's Denial of the Section 1170.95 Petition Was Correct.**

Under section 1170.95, subdivision (c), the trial court was required to review Scott's petition and determine whether he made a prima facie showing that he "falls within the provisions of" the statute—that is, that he could not be convicted of second degree murder under the law as amended by Senate Bill 1437. (See § 1170.95, subds. (a)(3), (c).) We conclude that Scott failed to make a prima facie showing of eligibility for relief because the

10

jury instructions show he was not convicted of felony murder or murder under a natural and probable consequences theory, so his second degree murder conviction survives Senate Bill 1437's amendments to sections 188 and 189.  (See § 1170.95, subd. (a); *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sep. 23, 2020, S263939 (*Soto*) [trial court may rely on jury instructions to make eligibility or entitlement determinations]; see also *Tarkington, supra*, 49 Cal.App.5th at p. 909, rev. gr.)

The record indicates that Scott was not convicted of felony murder or murder under a natural and probable consequences theory, as required by section 1170.95.  (See § 1170.95, subd. (a).)  It is undisputed that the trial court did not instruct the jury on the natural and probable consequences theory.  (*Soto*, *supra*, 51 Cal.App.5th at p. 1055, rev. gr. [petitioner "could not have been convicted of second degree murder under the natural and probable consequences doctrine" where "the jurors were not provided any instruction" on it].)

Although the jury was instructed on felony murder, the instructions provided that a verdict under that theory would be for first degree murder.  Similarly, the instructions for aider and abettor liability for felony murder provided that a person who aided, promoted, encouraged, or instigated the commission of the felony would be guilty of first degree murder.  No instructions were provided for second degree felony murder, which by definition was not an applicable theory here.[10]  Thus, the jury's

---

[10]     "Second degree felony murder is 'an unlawful killing in the course of the commission of a felony that is inherently dangerous to human life but is not included among the felonies enumerated in section 189.' " (*People v. Solis* (2020) 46 Cal.App.5th 762, 774.)

11

second degree murder verdict demonstrated it did not rely on a felony murder theory to convict Scott.  (See *People v. Edwards* (2020) 48 Cal.App.5th 666, 674 (*Edwards*) [where petitioner was convicted of second degree murder, but information and jury instructions showed he was not convicted under felony murder rule or natural and probable consequences doctrine, summary denial of petition was proper].)  Rather, the jury was instructed on, and based the conviction on, second degree murder based on a theory of malice aforethought, which continues to be viable following the changes to sections 188 and 189 implemented by Senate Bill 1437.  (See  §§ 188, subd. (a), 189, subd. (b); accord, *People v. Beltran* (2013) 56 Cal.4th 935, 942 [second degree murder is the " 'unlawful killing of a human being *with malice aforethought,*' " italics added].)  Therefore, Scott's murder conviction remains valid under current sections 188 and 189, and he is ineligible for relief under section 1170.95.

Because Scott was not convicted on a felony murder theory, the trial court erred by denying the petition on the basis that he was a major participant in the offense who acted with reckless indifference to human life.  Nonetheless, because Scott was ineligible as a matter of law, the court's error is of no moment, and it properly denied the petition without appointing counsel.  (See *People v. Duke (*2020) 55 Cal.App.5th 113, 121–122 [although trial court erred by treating case as if it involved felony murder, its ruling was correct because petitioner could still be convicted under the law as amended by Senate Bill 1437]; *People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12  [" 'we review the ruling, not the court's reasoning, and, if the ruling was correct on

_____

The felony at issue, rape, is enumerated in section 189, subdivision (a).

any ground, we affirm' "]; *Verdugo, supra*, 44 Cal.App.5th at pp. 332–333, rev. gr. ["If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed."].) Here, Scott would not have obtained a more favorable result even if the trial court had not erred by treating the case as one involving felony murder. In other words, neither additional briefing nor additional evidence presented to the court following the appointment of counsel would have changed the fact that Scott is ineligible for section 1170.95 relief as a matter of law because his conviction for second degree murder withstands the amendments to sections 188 and 189. (See *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [any error in denying section 1170.95 petition without appointment of counsel was harmless because, "[g]iven the trial evidence, counsel would not have been able to demonstrate in a reply brief or otherwise" that petitioner was eligible for relief]; *Edwards*, *supra*, 48 Cal.App.5th at p. 675 [because the petitioner "does not fall within the provisions of section 1170.95 as a matter of law, any of the purported [procedural] errors were harmless under any standard of review [citations] and remand would be an idle act"].) Thus, although the trial court incorrectly proceeded as if Scott's conviction was for felony murder, it correctly denied his petition for resentencing based on his ineligibility.

Scott also contends that, at an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3), he would have the right to present new evidence that was not available at trial. But because Scott is ineligible for relief as a matter of law, he is not entitled to an evidentiary hearing. We conclude that Scott has failed to make a prima facie showing that he falls within the

13

provisions of section 1170.95, and accordingly, the trial court properly denied his section 1170.95 petition.

**DISPOSITION**

The order denying Scott's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.